_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1502-JLS (JEMx)           Date:  January 16, 2014
Title:  Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                 N/A
     Deputy Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

   Not Present                                 Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER GRANTING IN PART MOTIONS TO DISMISS (Docs. 17, 18) AND DENYING MOTION TO REQUEST APPROVAL OF NOTICE OF PENDENCY OF ACTION (Doc. 22)**

     Before the Court are two motions to dismiss, one filed by Defendants Bank of New York Mellon, Bank of America, N.A., and Recontrust Company and one filed by Defendant Preeminent Investment Corporation (collectively, "Defendants"). (Mot. A, Doc. 17; Mot. B, Doc. 18.) Plaintiffs Barbara Louise Anderson and Prince Song Cambilargiu ("Plaintiffs") filed a single opposition to both motions (Opp'n, Doc. 29),[1] and Defendants replied. (Reply A, Doc. 35; Reply B, Doc. 33.) Plaintiffs also filed a motion to request approval of a notice of pendency of action. (Doc. 22.) Having

_____

[1] Plaintiffs' Opposition exceeds the 25 page limit set by Local Rule 11-6 and both the Opposition and Complaint do not meet the typeface requirements of Local Rule 11-3.1.1. This is not the first time a court in this district has warned Plaintiff Cambilargiu not to exceed page limits set by the Local Rules. *See Goree et al. v. Wells Fargo Bank N.A., et al.*, 13-cv-04354-MMM (JCx), ECF No. 38, at *2 n.3 (C.D. Cal. Oct. 8, 2013). However, as Plaintiffs proceed pro se and their Opposition addresses both of Defendants' motions, the Court will not strike the Opposition. Plaintiffs are cautioned that a failure to follow local rules may result in having pleadings stricken.

_____

_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1502-JLS (JEMx)                Date:  January 16, 2014
Title:  Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

considered the parties' briefs and having taken the matters under submission, the Court GRANTS IN PART Defendants' motions and DENIES Plaintiffs' motion without prejudice.

## I. Background

### A. Anderson's Initial Loan History

When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 5 (2010).  In 1992, Plaintiff Anderson obtained ownership of the property located at 26775 Pariso Drive, Mission Viejo, CA 92691 ("Property") by grant deed.  (Compl. ¶ 18, Ex. A.)

In 2005, Anderson executed a promissory note ("Note") for a $500,000 loan from America's Wholesale Lender, secured by a deed of trust ("Deed of Trust").  (*Id*. ¶¶ 94, 96; RJN A, Ex. A, Doc. 17-1; RJN B, Ex. 1, Doc. 19.)[2]

Plaintiffs allege that "on or around the time of origination of Plaintiff Anderson's loan, America's Wholesale Lender . . . attempted to securitize and sell the loan to another entity or entities."  (Compl. ¶¶ 53, 66 (internal quotation marks omitted).)  An assignment of the loan to a trustee ("Bank of New York Trustee") in connection with the securitization was not recorded until May 11, 2011.  (RJN B, Ex. 2.)[3]

### B. Anderson's Request to Bank of America

---

[2] The Court grants Defendants' requests to take judicial notice of various recorded documents relating to the Property, as well as the complaint and judgment in the unlawful detainer action. (RJN A, Doc. 17-1 Exs. A-L; RJN B, Exs. 1-11.)
[3] Plaintiffs dispute the validity of the loan assignment, as it took place after the securitization of the loan and because dashes are used inconsistently in the name of the Bank of New York Trustee.  (*See, e.g*., Compl. ¶¶ 56-57, 103, 109-112.)  There is no showing that the minor differences in names refer to different trustees.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1502-JLS (JEMx)            Date:  January 16, 2014
Title:  Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

      On August 6, 2010, Anderson signed a request for information ("Request") that she sent to Bank of America.  (Compl. ¶¶ 270-71; Compl. Ex C.)[4]  Plaintiffs allege that Bank of America responded on August 30, 2010, and attach the response.  (*Id*. ¶ 212, Ex. W.)

      The August 30, 2010 response states that it is addressing a letter from Anderson dated August 12, 2010.  (*Id*. Ex. W.)  The response also states that "Bank of America's response dated August 16, 2010, sufficiently states Bank of America's position regarding this matter.  We feel that Bank of America has been responsive and thorough and we have responded to all the questions raised in your previous letter.  [¶]  Upon further review, there is nothing to add to the previous response and our position remains unchanged."  (*Id*.)  Plaintiffs' Complaint does not include any other response by Bank of America to Anderson's requests.

          **C.**      **Anderson's Default, Assignment of Interest, and Foreclosure**

      On July 8, 2011, Recontrust recorded a Notice of Default and Election to Sell ("Notice of Default").  (RJN B, Ex. 4.)  Recontrust was not the named trustee when the Notice of Default was recorded.  Instead, Recontrust was designated as the trustee in a Substitution of Trustee recorded on October 11, 2011.  (RJN B, Ex. 3; Compl. ¶ 142.)  That same day, Recontrust recorded a Notice of Trustee's Sale.  (RJN B, Ex. 5.)

      On November 22, 2011, Anderson conveyed any interest she had in the Property to "BSCS Irrevocable Private Trust" ("BSCS") by grant deed, in exchange for "1,000

_____

[4] The Request includes questions such as "[i]t has come to my attention that since 1933, when Franklin D. Roosevelt took all the gold and silver out of circulation, that we have had no currency of value or substance with which to pay a debt . . . If we have no currency of value or substance in circulation today, then one must wonder, what did the Bank 'loan' me?" and "[i]t has come to my attention and personal knowledge that BANK OF AMERICA has committed various felony crimes as it is attempting to steal my property, when the Deed of Trust and Note are VOID *ab initio*, making BARBARA LOUISE ANDERSON©™ the true lawful and legal owner of the real property in question.  Is it not so?" (Compl. Ex. C at 3.)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1502-JLS (JEMx)            Date: January 16, 2014
Title: Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

pre-1923 silver dollars lawful money." (*Id.* Ex. 6.)

On May 6, 2013, a trustee's sale was held wherein Preeminent purchased the Property. (*Id.* Ex. 8.)

### D. Post-Foreclosure Quitclaim Deed to Anderson and Cambilargiu

On August 13, 2013, BSCS recorded a quit claim deed that purported to grant title to the Property to Plaintiffs Anderson and Cambilargiu. (RJN B, Ex. 11.) The Complaint omits Anderson's November 22, 2011 assignment to BSCS, and instead alleges that Cambilargiu "obtained interest via a Quitclaim Deed from Barbara Louise Anderson," citing Exhibit B to the Complaint. (Compl. ¶ 20.) Exhibit B is a quitclaim deed from BSCS to Anderson and Cambilargiu.[5] Cambilargiu is not alleged to have had an interest in the Property prior to the quitclaim deed, nor is he alleged to have been a party to any agreement related to the loan.[6]

On September 25, 2013, Plaintiffs filed the present action against Defendants, asserting violations of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA") and numerous state law claims. Defendants moved to dismiss the claims asserted against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[5] The version of Exhibit B that Plaintiffs filed electronically includes only the cover page of the quitclaim deed, which does not show who granted what to whom.
[6] Cambilargiu is a named plaintiff in several other mortgage foreclosure cases filed this year in federal court, wherein he alleges an interest in the property by virtue of a quitclaim deed. *See, e.g.*, *Kaywanfar et al. v. Bank of America et al.*, 13-cv-02134-r-cw, ECF No. 1 ¶¶ 8-10 (C.D. Cal. Mar. 25, 2013); *Goree et al. v. Wells Fargo Bank N.A., et al.*, 13-cv-04354, ECF No. 1 ¶ 12 (C.D. Cal. June 17, 2013); *Gray et al. v. La Salle Bank N.A. et al.*, 13-cv-03692, ECF No. 1 ¶ 18 (N.D. Cal. Aug. 8, 2013); *Pohl et al. v. U.S. Bank N.A.*, 13-cv-01092 ECF No. 1 ¶ 10 (D. Colo. Apr. 24, 2013); *Haller et al. v. JPMorgan Chase Bank et al.*, 13-cv-02869, ECF No. 1 ¶ 35 (D. Colo. Oct. 22, 2013); *Cambilargiu et al. v. Bank of America*, N.A. et al., 13-cv-00190, ECF No. 1-1 ¶ 14 (D. Minn. Jan. 3, 2013).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1502-JLS (JEMx) | Date:  January 16, 2014 |
| Title:  Barbara Louise Anderson et al. v. Bank of New York Mellon et al. | |

## II. Legal Standard

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  In other words, a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*.  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-985 (9th Cir. 2008).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*.  When a motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving that the court has subject matter jurisdiction.  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1502-JLS (JEMx)            Date: January 16, 2014
Title: Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

### III. Discussion

#### A. Standing as to Plaintiff Cambilargiu

"The plaintiff has the burden of establishing the three elements of Article III standing: (1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008).

Defendants argue that Plaintiff Cambilargiu lacks standing because he did not obtain his purported interest in the Property until after the foreclosure sale and never held any interest in Anderson's loan. (Mot. A at 3-4; Mot. B at 7.) Plaintiffs' Opposition does not directly address these arguments or explain how Cambilargiu in particular has standing. Construing Plaintiff's arguments liberally, Plaintiffs claim that Cambilargiu's injury is the "[i]mproper invocation and exercise of the Power [sic] to invoke a sale that resulted in an illegal sale of real property to a party that could not legally buy stolen property." (Opp'n at 10.)[7] However, judicially noticeable documents show that

_____

[7] Plaintiffs also argue that standing exists based on alleged defects in the assignment or

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1502-JLS (JEMx)                                       Date:  January 16, 2014
Title:  Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

Cambilargiu had no interest in the Property at the time of the foreclosure sale.  (*See* RJN B, Exs. 6, 8, 11.)  Instead, Cambilargiu obtained his purported interest in the Property by quitclaim deed shortly after the Property was sold at a foreclosure sale, in an apparent attempt to bring this action on behalf of himself and Anderson.  Even assuming that Cambilargiu suffered an injury in fact redressable by a favorable court decision, Cambilargiu has not shown that the injury is fairly traceable to Defendants' conduct.

Accordingly, Cambilargiu lacks standing and is dismissed from the action without prejudice.  Any amended pleading must provide facts demonstrating how Cambilargiu meets the Article III requirements for standing.

### B.      RESPA Claim (Fourth Cause of Action)

Plaintiffs allege a violation of RESPA under 12 U.S.C. § 2605.  (Compl. ¶¶ 211-16, 268-76.)  Section 2605 of RESPA sets forth the duty of a "loan servicer" to respond to borrower inquiries regarding the servicing of the borrower's loan.  *See* 12 U.S.C. § 2605.[8]  A RESPA claim under Section 2605 must be brought within three years of the date of the violation.  *See* 12 U.S.C. § 2614.

Plaintiffs attach an August 30, 2010 response by Bank of America to the Complaint.  (Compl. Ex. W.)  As discussed in the Background section, it is not clear that the August 30, 2010 response is the actual response to Anderson's August 6, 2010 RESPA Request.  Assuming that it is the actual response, and that the response is the basis of the RESPA violation, the claim is barred by the statute of limitations—the response was sent more than three years before filing of the Complaint on September 25,

_____

securitization of the loan, but that argument appears to be addressed to Anderson only (the heading is "Plaintiff Anderson has Standing to Assert that [Defendants] Are Not Her Creditors"). (*See* Opp'n at 7-10.)  Regardless, Plaintiffs do not explain how this argument would apply to Cambilargiu, who never had an interest in the loan.

[8] Plaintiffs allege, and Defendants do not appear to dispute, that Bank of America acted as a loan servicer.  (Compl. ¶¶ 216, 259.)  The claim is also brought against "BONY 2005-59 Version 1," but that entity is alleged to be the trustee of the loan pool, not a servicer of the loan.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1502-JLS (JEMx)            Date: January 16, 2014
Title: Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

2013, and Plaintiffs do not allege that the claim should be equitably tolled.

The RESPA claim also fails as Plaintiffs do not plausibly allege damages caused by the violation. Plaintiffs allege that "pecuniary damages include, but are not limited to, the costs of over calculation and overpayment of interest, or payments made to a party not entitled to receive the payments; the costs of repairing Plaintiff's credit; the reduction and/or elimination of Plaintiff's credit limits; the costs associated with removing the cloud from his [sic] property title and defense fees . . . ." (Compl. ¶ 226.) This Court has previously rejected nearly identical damages allegations for failure to connect the violation alleged to the injuries alleged. *See Younessi, et al. v. J.P. Morgan Chase Bank, N.A.*, SACV 12-2034-JLS (MLGx), ECF No. 25 at *5 (C.D. Cal. Jul. 17, 2013).

Accordingly, the RESPA claim is dismissed with prejudice as to "BONY 2005-59 Version 1" and without prejudice as to Bank of America. Any amended pleading must plausibly allege (1) how the claim is not time-barred or why the claim should be equitably tolled; and (2) how the alleged damages were caused by the alleged RESPA violation. Failure to correct these deficiencies will result in dismissal of the claim with prejudice.

### C. FDCPA Claim (Fifth Cause of Action)[9]

The FDCPA aims to "eliminate abusive debt collection practices by debt collectors." *See* 15 U.S.C. § 1692. There is a one year statute of limitations for violation of the FDCPA. *See* 15 U.S.C. § 1692k(d). The FDCPA applies only to "debt collectors," and as such "the complaint must plead factual content that allows the courts to draw the reasonable inference that" a defendant is a debt collector. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013). The FDCPA defines a "debt collector" as: (1) "any person who uses any instrumentality of interstate commerce or the mails in any

---

[9] The Fifth Cause of Action also alleges a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). As the Court does not address the state law claims in this order, the Court does not consider this claim.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1502-JLS (JEMx)            Date: January 16, 2014
Title: Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

business the principal purpose of which is the collection of any debts"; and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does not include "any person collecting or attempting to collect any debt . . . to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ." *Id.* § 1692a(6)(F).

      The FDCPA claim fails for several reasons. First, Plaintiffs have not adequately alleged that any of the Defendants are "debt collectors." Plaintiffs do not allege that the Bank of New York Trustee is a debt collector, or that the trustee engaged in any debt collection activity. Although Plaintiffs do allege that Bank of America and Recontrust are debt collectors, (Compl. ¶ 280), they do not allege that the "principal purpose" of the business of Bank of America or Recontrust is debt collection, or that either defendant was collecting the debt of "another." 15 U.S.C. § 1692a(6); s*ee Schlegel*, 720 F.3d at 1208-10 (affirming dismissal of claim for failure to allege that defendant was a "debt collector" under the FDCPA). Plaintiffs also fail to plead facts demonstrating that Bank of America obtained an interest in the debt after the debt was in default. Plaintiffs make a conclusory allegation that this is the case, but they never allege when Bank of America obtained an interest in the debt or when the debt was in default. (*See* Compl. ¶ 280.) The conclusory allegation that Bank of America obtained an interest in the debt before the debt was in default, without specifying when Bank of America obtained its interest or when the debt was in default, is insufficient to show that Bank of America is a "debt collector" under the FDCPA.[10]

      Second, foreclosure proceedings are not debt collection practices under the FDCPA because the aim of a foreclosure is a transfer in interest, not the collection of a debt. *Accord Washington v. Aurora Loan Servs.*, No. SA CV 11-0887 DOC (ANx), 2011

---

[10] In addition, the Deed of Trust indicates that the original trustee may be related to or may have been acquired by Bank of America, which may mean Bank of America did not obtain an interest in the debt when it was in default. (*See* ARJN Ex. 1); *see also Fenello v. Bank of America, N.A.*, 926 F. Supp. 2d 1342, 1351 (N.D. Ga. 2013).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1502-JLS (JEMx)            Date: January 16, 2014
Title: Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

WL 3565335, at *3 (C.D. Cal. Aug. 12, 2011) (noting that "[o]ther courts have held likewise"). Plaintiffs effectively allege that Recontrust took or threatened to take "non-judicial action to effect dispossession" of the Property." (Compl. ¶ 286.) Recontrust also recorded a Notice of Trustee's Sale the same day that it was designated as the trustee. (*See* RJN B, Exs, 3, 5.) Therefore, Plaintiffs fail to state a claim as to Recontrust.

       Third, Plaintiffs allege that Bank of America fraudulently calculated payments based on LIBOR and made false representations to Anderson. (Compl. ¶¶ 283, 293.) These allegations lack sufficient specificity under Rule 9(b) to state a claim for relief. *See Goree et al. v. Wells Fargo Bank N.A.*, *et al*., 13-cv-04354-MMM (JCx), ECF No. 38, at *19-21 (C.D. Cal. Oct. 8, 2013) (dismissing similar allegations of misrepresentations for failure to meet heightened pleading requirements of Rule 9(b)).

       Fourth, the claim is time-barred to the extent it concerns activity occurring more than a year before the filing of the Complaint. *See* 15 U.S.C. § 1692k(d). Plaintiffs allege that the statute should be tolled "because Defendants fraudulently concealed the fact that they were not entitled to enforce Plaintiff's debt obligation and that they were falsely representing to Plaintiffs that the character and amount of money Plaintiff Anderson still owed on their [sic] debt." (Compl. ¶ 290.) The allegation that Defendants fraudulently concealed the claim lacks sufficient specificity to toll the statute of limitations, particularly in light of other allegations that tend to suggest Plaintiffs were on notice earlier.[11]

       Accordingly, the claim is dismissed with prejudice as to Recontrust and "BONY 2005-59 Version 1" and without prejudice as to Bank of America. Any amended claim must (1) make plausible factual allegations demonstrating that the date that Bank of America obtained an interest in the loan was before the date that Anderson was in default, and that Bank of America is a "debt collector" as defined in the FDCPA; and (2) allege debt collection activity unrelated to the foreclosure. Any alleged debt collection activity

---

[11] For example, some of the allegations rely on recorded documents and documents available on the Security and Exchange Committee's website. (*See, e.g.*, Compl. ¶¶ 61-63, 108-12.)

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1502-JLS (JEMx)                              Date:  January 16, 2014
Title:  Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

occurring more than a year before the filing of the Complaint must be supported by specific, plausible allegations as to why Plaintiffs could not have brought the claim within the statute of limitations period.  Failure to correct these deficiencies will result in dismissal of the remainder of the claim with prejudice.

### D.    Claim for Declaratory Relief

Plaintiffs also bring a claim for declaratory relief.  (Compl. ¶¶ 230-39.)  "[T]he operation of the Declaratory Judgment Act is procedural only and does not confer arising under jurisdiction."  *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011).  "The Declaratory Judgment Act merely creates a remedy in cases otherwise within the court's jurisdiction; it does not constitute an independent basis for jurisdiction."  *Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1382-83 (9th Cir. 1988).  Declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  *United States v. Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985).

Here, the declaratory relief sought is commensurate with the relief sought through other causes of action, and entitlement to such relief will depend on the outcome of those other causes of action.  Accordingly, the Court dismisses the claim for declaratory relief with prejudice.  *Accord Cordero v. Bank of Am. N.A.*, No. CV 11-08921 DDP (MRWx), 2013 WL 589185, at *5 (C.D. Cal. Feb. 14, 2013) (dismissing declaratory relief claim with prejudice as "duplicative of and commensurate with relief Plaintiff seeks through her other causes of action").

### E.    State Law Claims

Having dismissed Plaintiffs' federal claims, the Court will not, in this Order,

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1502-JLS (JEMx)            Date:  January 16, 2014
Title:  Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

address Plaintiffs' state law claims.[12]  Only if Plaintiffs remedy the deficiencies in their federal claims will this court exercise supplemental jurisdiction over the state law claims. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 940 (9th Cir. 2012) (en banc) ("[T]he district court retains discretion whether to exercise supplemental jurisdiction over state law claims even after all federal claims [have been] dismissed.") (citation omitted); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (citations omitted).

      **F.**    **Notice of Pendency of Action**

Plaintiffs have moved to request approval of a notice of pendency of action pursuant to California Code of Civil Procedure Section 405.5.  (Doc. 22.)  "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged."  Cal. Civ. Proc. Code § 405.20.  Under Section 405.5, the statute applies to an action pending in federal courts.  *Id*. § 405.5.  Plaintiffs are required to seek approval of the Court before recording the notice of pendency because they proceed pro se.  *Id*. § 405.21.  As the Court is dismissing Plaintiffs' federal claims and declines to address the state law claims at this time, the Court denies the request without prejudice.  *Id*.

**IV.**    **Conclusion**

---

[12] Although Plaintiffs assert both federal question jurisdiction and diversity jurisdiction, Plaintiffs also allege that Anderson resides in California and that Recontrust and Preeminent have their principal place of business in California.  (Compl. ¶¶ 16, 25-26.)  Complete diversity required for diversity jurisdiction is therefore lacking.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff" (emphasis in the original)).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1502-JLS (JEMx)                      Date:  January 16, 2014
Title:  Barbara Louise Anderson et al. v. Bank of New York Mellon et al.

For the reasons stated above, Defendants' motions are GRANTED IN PART. Plaintiff Cambrilagiu is dismissed from the action without prejudice for lack of standing. The RESPA claim is dismissed with prejudice as to "BONY 2005-59 Version 1" and without prejudice as to Bank of America.  The FDCPA claim is dismissed with prejudice as to Recontrust and "BONY 2005-59 Version 1," and without prejudice as to Bank of America.  The declaratory relief claim is dismissed with prejudice.  Plaintiffs' motion for approval of notice of pendency of action is DENIED without prejudice.

Plaintiffs shall have **21 days** from the date of this order to file an amended pleading that addresses the deficiencies in the RESPA and FDCPA claims.  Plaintiffs may not assert new claims or reassert claims that have been dismissed with prejudice. Failure to timely file an amended complaint will result in the dismissal of the federal claims with prejudice and the immediate remand of this action to Orange County Superior Court.  Any amended pleading must include complete copies of all exhibits cited in the pleading and must conform to the typeface requirements of the Local Rules. *See* Local Rules 11-3.1.1, 11-5.2.  Plaintiffs are strongly encouraged to review Federal Rule of Civil Procedure 8 before filing an amended pleading.  Fed. R. Civ. P. 8(a)(2) ("[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

Initials of Preparer:  tg

___